George Rees v. Commissioner.
Rees v. Commissioner
Docket No. 9987.
United States Tax Court
1947 Tax Ct. Memo LEXIS 52; 6 T.C.M. (CCH) 1157; T.C.M. (RIA) 47288; October 24, 1947
*52 F. Robert Gilfoil, Jr., Esq., 522 University Bldg., Syracuse 2, N. Y., for the petitioner. J. Frost Walker, Jr., Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion In this case the Commissioner determined a deficiency of $13,575.54 in petitioner's income and victory tax for the year 1943. The deficiency is based on adjustments made for both the years 1942 and 1943 and includes the unforgiven portion of the 1942 assessment. The deficiency arises out of the refusal of the Commissioner to recognize Pearle L. Rees as a partner in the firm known as the Syracuse Bearing Company. The Commissioner ruled that George Rees was the sole owner and proprietor of the business conducted in that name and is taxable on the entire income realized from the business of the Syracuse Bearing Company during those years. The sole question presented for our determination is whether during the years in question Pearle Rees was a partner in the said business and entitled to one-fourth of the income realized from its operation. Findings of Fact The petitioner resides at 317 East Avenue, Minoa, New York, a suburb of Syracuse. The income and victory tax returns *53 for the period here involved were filed with the collector of internal revenue for the 21st district of New York at Syracuse. The petitioner is a graduate engineer. He has been in business in Syracuse since the year 1928. Prior to that time he had been employed by one or more manufacturing concerns, the last being Lampson Company, manufacturers of conveyors. For a number of years after leaving Lampson Company petitioner transacted business in his own behalf, acting as a jobber or manufacturer's agent. The sale of some of the articles which he handled required the application of his technical training and experience. During the years 1937 or 1938 he started stocking and selling roller and ball bearings under the firm name of Syracuse Bearing Company. The petitioner's wife became interested in the business at about the time the petitioner started handling the roller and ball bearings. In the petitioner's absence she would help with the office work. Later on she began to accompany him on business trips. They sometimes visted in the homes of the purchasing agents with whom the petitioner did business. In the spring of 1941 the petitioner agreed with his wife, orally, that she would *54 receive one-fourth of the profits of the bearing business. Prior to that time she had not received any of the proceeds of the business. In organizing the bearing business the petitioner filed the necessary certificate in complying with the fictitious names statute of the State of New York, and represented himself as the owner or proprietor of the Syracuse Bearing Company. Insurance policies were issued in the name of the petitioner, doing business as Syracuse Bearing Company. In February 1943 a written agreement was executed by the petitioner and his wife which purported to continue for a period of five years the partnership which was said to be then existing under a verbal agreement between the petitioner and his wife entered into about 1937. This agreement recited, among other things, that the petitioner "has contributed and will contribute 3/4 of the amount necessary to continue said partnership business, and the said second party has contributed and agrees to contribute 1/4 of the amount necessary to continue said partnership business." It further provided that each of the parties would give their "sole and individual attention to the partnership business"; that the proceeds *55 from the business would be divided between them and the losses borne between them in the proportion of their capital interests; that either party could sign checks for partnership uses, but for no other purpose. The books of the Syracuse Bearing Company show cash withdrawals charged to the petitioner in 1941 and 1942 in the respective amounts of $7,353.67 and $13,889.12. They show withdrawals by petitioner's wife of $2,817.94 in 1941 and $4,678.73 in 1942. The checks for these withdrawals were all made out by the bookkeeper, at the petitioner's direction. In addition to the above amounts the petitioner assigned to his wife some of the commissions on sales of other products. There was no change in the management or operation of the business of Syracuse Bearing Company after execution of the agreement of February 27, 1943. The petitioner continued in the management and control of the business and had supervision of all funds. The petitioner's wife never contributed any capital to the business and never performed any services of a vital nature. She devoted less time to the business during 1942 and 1943 than in some of the prior years. The Syracuse Bearing Company filed a partnership *56 return for 1942 in which the petitioner's wife was shown as a partner, entitled to one-fourth of the net income of the business. That was the first partnership return filed by the company. In the return filed for 1941 the amount charged to Pearle Rees' drawing account was deducted by the company as salary. At no time during 1942 or 1943 did a business partnership exist, which can be recognized for income tax purposes, between the petitioner and his wife. Opinion LEMIRE, Judge: The petitioner's contentions are that during the taxable years 1942 and 1943 the business of Syracuse Bearing Company was conducted as a partnership in which he had a three-fourth's interest and his wife a one-fourth interest. He claims that this partnership was first formed by oral agreement in 1937 and continued by the written agreement of February 27, 1943. The respondent has determined, and we think correctly, that the business of Syracuse Bearing Company was owned and operated solely by the petitioner and that he is taxable individually on all of the income. The evidence of record offers no basis for recognizing the petitioner's wife as a partner in the business. She never contributed any capital *57 to it and never regularly performed any important services. She took care of the office occasionally in the petitioner's absence and sometimes accompanied him on business trips. The petitioner testified that: "The greatest service she rendered to the Bearing Company was in her ability to make friends, develop friends, the type of friends that would influence people to want to do business with us." On the evidence, as a whole, we cannot find that the petitioner's wife contributed services of such importance as to warrant her recognition as a partner in the business. In the absence of such services or the contribution of her own capital she fails to meet the requirements of a partner in a valid business partnership. ; . Decision will be entered for the respondent.